In the Matter of CHARLES E. COLLINS, III, Respondent, v NEW YORK STATE LIQUOR AUTHORITY et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered June 12, 1975 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Liquor Authority disapproving petitioner's application for a license to sell wines and liquors, and directed the authority to issue the license. The authority has disapproved petitioner's application for a retail liquor store license for premises located at 695 River Street in the City of Troy. It found that the area in which the premises sought to be licensed were located was adequately serviced by four existing package stores, two of which had marginal sales volumes in recent years, and the area did not require an additional package store at that time. For these reasons, the authority determined that approval of petitioner's application would not be conducive to proper regulation and control and that public convenience and advantage would not be served by such approval. The record reveals that an application by petitioner for such a license at 408 Fulton Street in Troy had been previously denied twice by the authority on similar grounds. Special Term annulled the determination on the basis that the authority had adopted a policy of "negativism" toward all applications for a liquor license in the area surrounding petitioner's proposed site. We cannot say on the record presented that such a policy exists. Unlike *Matter of Swalbach v State Liq. Auth.* (7 NY2d 518), the application in this case was denied on the basis of factors summarized in the affidavit submitted by the authority in opposition to the application for an order annulling the authority's determination. In our opinion, there is sufficient support for its findings and denial of petitioner's application was not arbitrary. It is clear from an examination of the record that the authority passed individually on the merits of the application and did not act mechanically on the basis of a so-called policy. (See *Matter of Hub Wine & Liq. Co. v State Liq. Auth.,* 16 NY2d 112.) Its disapproval for lack of public convenience and advantage in a location well served with existing stores has a rational basis and ought not to have been disturbed. Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.